UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

CONNIE MIKLASZEWSKI, and
JOSEPH MIKLASZEWSKI,

                Plaintiffs,

  v.                                                                               Case No. 10-CV-16

GENERAL ELECTRIC COMPANY,
GE HEALTHCARE, INC.
d/b/a GE Healthcare Medical Diagnostics,
GE HEALTHCARE AS,
GE HEALTHCARE BIO-SCIENCES, CORP.,
BAYER HEALTHCARE PHARMACEUTICALS, INC.,
BAYER CORPORATION, BAYER HEALTHCARE LLC,
BERLEX LABORATORIES, INC. a/k/a Berlex, Inc.,
AURORA HEALTHCARE METRO, INC.,
MEDICAL DIAGNOSTIC IMAGING,
LAKESHORE MEDICAL CLINIC,
DR. MATTHEW BREWER, MD,
DR. AJAZ QHAVI, DR. GERALD SPLITTGERBER,
INJURED PATIENTS AND FAMILIES COMPENSATION FUND,
ABC INSURANCE COMPANY, 123 INSURANCE COMPANY,
DEF INSURANCE COMPANY, 456 INSURANCE COMPANY,
GHI INSURANCE COMPANY, 789 INSURANCE COMPANY, and
THE WISCONSIN PATIENT'S COMPENSATION FUND,

                Defendants.
_____

## ORDER

On December 9, 2009, plaintiffs filed suit against the various defendants in the Circuit Court of Milwaukee County. The complaint asserts various actions arising under state law – mostly medical malpractice and strict liability claims – against defendants. On January 8, 2010, defendants Bayer Corporation, Bayer Healthcare LLC, and Bayer Healthcare Pharmaceuticals, Inc. (collectively: "the Bayer

defendants") removed the case to federal court. Defendants General Electric Healthcare, Inc. and General Electric Company (collectively: "the GE defendants") joined in the Notice of Removal.

The removing defendants premised federal jurisdiction on 28 U.S.C. § 1332, diversity jurisdiction. The removing defendants acknowledged that many of the named defendants were from Wisconsin, and thus the complaint appeared to be lacking complete diversity, *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (holding that diversity jurisdiction requires that each plaintiff be a citizen of a state different from that of each defendant in a given action). However, they asserted that all of the non-diverse defendants (i.e. all defendants other than the Bayer defendants and the GE defendants) were fraudulently joined, and that fraudulent joinder of nondiverse parties could not destroy diversity jurisdiction. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993).

On January 15, 2010, plaintiffs filed a motion to remand this action to state court, arguing that the Wisconsin parties were not fraudulently joined, thus, complete diversity is lacking in this case, and that the court is resultingly without jurisdiction over this matter. On February 1, 2010, the Bayer defendants filed a letter stating that they had reached a settlement in principle with plaintiffs, and that they would not oppose plaintiffs' motion for remand. (Docket #39). On February 3, 2010, the GE defendants filed a letter stating that they had reached a settlement agreement with plaintiffs, and that they would not oppose plaintiffs' motion to remand. (Docket #41).

2

No other parties filed a response to plaintiffs' motion to remand.  As plaintiffs' motion to remand is unopposed, the court will grant it.

Accordingly,

**IT IS ORDERED** that plaintiffs' Motion to Remand (Docket #17) be and the same is hereby **GRANTED**, and this action be and the same is **REMANDED** to the Milwaukee County Circuit Court.

The Clerk of the Court is directed to take all appropriate steps to effectuate this remand.

Dated at Milwaukee, Wisconsin, this 10th day of February, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge